# CIRCUIT COURT OF BALTIMORE CITY

Filed December 12, 1901.

---

HANCE ET AL.
VS.
KIRK ET AL.

---

*George Whitelock* and *Edward I. Koontz* for executors of Franklin I. Hance.

*Washington Bowie, Jr.*, for exceptants.

RITCHIE, J.—

Among the exceptions to Account H No. 2, which were passed on at the July Term, there was one to the allowance made to the trustee, Littig, of $688.38, for overpayment of income. It appeared that this allowance included the sum of $316.46 allowed to the former trustee, Franklin I. Hance, as overpayment of income in 1890. Littig did not claim this $316.46, and to the extent of this amount the exception was sustained. See opinion, Baltimore City Reports, Vol. 11, p. 177.

After the papers were referred back to the auditor an order was passed on the petition of the executors of Hance, directing that this amount be allowed to them subject to exceptions. It was accordingly so allowed in Account I No. 2 and the beneficiaries have excepted to its allowance.

This allowance for overpayment first appears in Account D, the only account filed by the trustee, Franklin I. Hance, which was ratified in November, 1890.

Hance died in January 1891, and he was succeeded by the present trustee, Littig, in April 1891.

The next income account E No. 2 was stated in 1894, and this credit to the trustee, Hance, for overpayment of income, with which Account D closed, was entirely ignored therein, and the account was ratified without any notice of the same, a surplus of income being carried forward.

In the next account, F No. 2, stated in 1896, the auditor, for some reason which does not appear, instead of taking up the account as adjusted by Account E No. 2, went back to Account D of 1890, picked up this $316.46 and brought it forward as a charge against the income and *as a credit to the present trustee.* In the subsequent Accounts G and H No. 2 the same sum is included in the allowance to the present trustee for overpayments made by him.

The first difficulty in allowing the claim of these executors for this amount, as for overpayment of income by their testator, arises from the fact that, if it is allowed, about two-thirds of it must, on his final distribution of the estate, be charged upon the corpus, because of the insufficiency of income to meet it. In the order passed on the exceptions to Account H No. 2, it was provided, because of the special circumstances therein stated, that if the income in hand on the restatement of the account should be insufficient to meet the overpayments made by the trustee Littig, any deficiency should be charged upon the corpus as an advance made on account of principal. There has been in fact no occasion to charge the corpus, but the circumstances which induced the court to pass that order do not exist in respect to the alleged overpayment now in question.

The exceptants, among other things, allege that the trustee Hance, who was a relative of the beneficiaries, never intended to charge commissions. A significant fact in this connection is that Account D shows the payment to the beneficiaries of the whole of the income, and the overpayment charged against the income consists of commissions allowed by the auditor to the trustee Hance, and is of precisely the same amount as such commissions. If the trustee intended to charge commissions, the fact that, without the com-

missions, the debits and credits exactly balanced, presents a rare coincidence.

They further allege that if he intended to charge commissions, the same were adjusted with his executors.

Account D brought the income up only to July, 1890. The trustee, Hance, died in January, 1891, and the present trustee was appointed in April, 1891. For this period of nine months there is no account whatever of the income. The report of the present trustee shows an item of $50.06 received from Thomas J. Lindsay, one of these executors, on August 3rd, 1891. This shows the adjustment of *something*, and taken with the facts that there is no account of income from July to April, and that account E No. 2 ignored the overpayment charged against the income in account D, gives some ground for the inference that, if Hance intended to charge commissions, there was a settlement in which they were adjusted with his executors. Unless there was some settlement by the executors, or payments to the beneficiaries of which there is no account, the estate of Hance would seem to be liable to this estate for the income from July, 1890, to the date of his death in January, 1891.

Again, the petition of the executors setting up this claim at this late day, when it is impossible to ascertain all the facts, relies upon nothing but what appears from the auditor's accounts as above stated. This estate involved over $30,000, and the trustee, Hance, must have kept some books and papers relating to the same, and his books and papers must have come into the possession of his executors. Nevertheless they fail to show what, if anything, these books and papers contain on the matter in question, or whether they disclose anything, or that they have ever examined them, or made any investigation through them, or, otherwise, in order to inform themselves as to whether or not their testator regarded these commissions as a debt due to him, or, if he did, whether or not he paid himself out of the income which accrued during the six months succeeding Account D and prior to his death. They likewise fail to explain why, if these commissions were then due, they paid to this estate the sum of $50.06 in 1891.

Under the circumstances of this case these executors have failed to make out their right to the allowance in question and the exceptions thereto are sustained.